Xiu v. Sessions

BIA
Poczter, IJ
A206 364 234

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand eighteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　ROBERT D. SACK,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*
_____

ZHANG MEI XIU,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　16-3108
　　　　　　　　　　　　　　　　　　　NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONER:**　　　Zhen Liang Li, New York, NY.

**FOR RESPONDENT:**　　　Chad A. Readler, Acting Assistant Attorney General; Edward E. Wiggers, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhang Mei Xiu, a native and citizen of the People's Republic of China, seeks review of an August 8, 2016, decision of the BIA affirming an August 6, 2015, decision of an Immigration Judge ("IJ") denying Xiu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhang Mei Xiu,* No. A 206 364 234 (B.I.A. Aug. 8, 2016), *aff'g* No. A 206 364 234 (Immig. Ct. N.Y. City Aug. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on asylum

applicant's "demeanor, candor or responsiveness," the inherent plausibility of her account, and any inconsistencies and omissions in her testimony, application, and documentary evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Xiu was not credible.

The agency reasonably relied on discrepancies between Xiu's application, testimony, and her father's letter regarding how long Xiu attended her underground church in China before she was arrested, how many times the police visited her home and summoned her to the station, whether police suspected her involvement in distributing religious leaflets, and whether she was kicked during her beatings in detention. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 (explaining that adverse credibility determination may be supported by either material or non-material inconsistencies, so long as the totality of the circumstances supports the determination). The record supports the agency's conclusion

that the record included discrepancies and exaggeration.

Although Xiu attended church in China only three times—October 1, 8, and 10, 2013—her application stated that she "went to the family church almost every week and studied the Bible very hard." Similarly, Xiu's application stated that the police visited her home or summoned her to the station every three to five days and she "could not lead a normal life under their constant harassment," but she testified that the police summoned her to the station only once and visited her home only once. A letter from Xiu's father stated that the police separately investigated Xiu for distributing religious leaflets and that this further motivated Xiu to flee China, but Xiu testified that she had "no idea" whether the police investigated her for distribution of religious leaflets. And Xiu stated that the police slapped, punched, and hit her, but her father's letter added that Xiu was kicked. The agency reasonably relied on these discrepancies, including those in the letter because that letter was Xiu's only evidence to corroborate events in China. *See Xiu Xia Lin*, 534 F.3d at 166-67; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his

4

. . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

Xiu argues that her application and testimony were technically consistent as to her church attendance. While her statement that she attended church every week is true to the extent that she attended church twice in a two-week period, her statement that she "went to the family church almost every week and studied the Bible very hard" implies a much more substantial involvement with Christianity. Accordingly, the IJ did not err in finding this was an attempt to exaggerate her claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (noting that lack of candor may ground adverse credibility determination); *cf*. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

In sum, Xiu's lack of consistency and exaggeration regarding her church attendance, the frequency and number of

police visits and summonses, whether the police were investigating her for distributing religious leaflets, and her beating in detention provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6